Judge Owsley
delivered the opinion of the court.*
This is an appeal from a decree pronounced in a contest between adverse claims, compelling the appellants to surrender *182 their title, derived under a grant of elder date than that through which the appellees claim.
Only those who are interested need be made parties to a sent in chancery: and is a contest for land under adverse claims, an executor, merely as such, need never be a party.
The appellees, who were complainants in the court below, assert the superior equity under an entry of 1163 3/4 acres, made in the name of Isaac Hite; and the appellants derive their title under an entry of 200 acres, made in the name of Nicholas Meriwether, and of elder date than that of Hite.
These entries, during the present term, underwent the consideration and decision of this court in the case of Potorf, &c. against Hite’s heirs, and in a state of preparation not more favorable to the claim of the present appellees than exists in this case, the entry of Hite was held to be paramount to that of Meriwether, and upon reviewing the principles of that decision, we entertain no doubt but that in the present case the appellees have shewn themselves on tilled to a surrender of the appellants’ title.
It is objected, however, that the court below, prematurely, without having the proper and necessary parties before it, proceeded to a hearing and final determination of the cause.
William Meriwether appears to have purchased and obtained a deed of conveyance from Nicholas Meriwether, before the emanation of his grant, for six hundred acres, part of his claim of 2000 acres, and the land in contest forms that part only of the land purchased by William, which, by his last will, was thereafter devised to James Meriwether, and the objection to the want of proper parties is taken upon the supposition that the heirs and executor of William Meriwether should have been before the court.
The necessity for making them parties is not, however; perceived by this court. If the legal title passed to William Meriwether by the deed from Nicholas, as the whole of the land in contest was thereafter devised to James, it is plain the heir of William can have no interest; or if, in consequence of the patent not having emanated at the date of the deed, the legal title did not pass to William, still, as by his will, all of the interest in relation to the land now in contest, which he acquired under the purchase from Nicholas, must have been transferred to the devisee James, the heir at law cannot have gained any thing by discent.
The heirs of William Meriwether, therefore, as they have no interest in the land in contest, are not necessary *183 parties: And with respect to the executor, there is still less reason, if possible, for bringing him before the court. As executor merely, he is, in no instance, a necessary party in contests between adverse land claims, and in the present case it is not contended he has any interest in the land in contest.
In a contest for lands, it is not irregular to decree the conveyance to be made by infant defendants without the interposition of their guardian.
The right which the law secures to an absent defd't need not be saved to him in the decree.
Bibb for appellants, Hardin for appellees.
It is also objected that, instead of the infant defendants to convey in proper person, the court should have decreed the conveyance to be made by their guardian.
If we are correct in supposing that the claim of the appellees is paramount to that of the appellants, it follows that a conveyance by the infant appellants, even without suit, would have been binding upon them, and, consequently, it can be no violation of the principles of equity, for the chancellor to compel them to do that which, according to equity, ought to be done, and which they might, without his interposition, have regularly done.
It is again objected that the decree is for 20 acres more land than is claimed by the appellees in their bill—the bill asserting claim to a tract of 100 acres only, and the decree is for 120 acres.
This objection must have been taken upon a misconception of the allegations of the bill. We understand the bill to assert claim to the whole tract devised by William Meriwether to James, and the 100 acres, mentioned in the bill, is merely a description of the tract. The decree, although for 120 acres, is but for the tract devised.
It is also objected, that the decree should have reserved to the absent defendant a right, after his return to the state, to appear and answer the bill.
The act, under which the proceedings against the absent defendant was had, contains the reservation contended for, and it cannot have been necessary to enable the absent defendant to avail himself of the provisions of the act, for the decree to contain such a reservation.
It is moreover objected, that day should have been given the infant defendants, after their arrival at full age, to appear and contest the decree.
To this objection it need only be remarked, that twelve months is given the infants, after their arrival at full age, to contest the decree.
Upon the whole, we are of opinion that the decree of the court below is correct, and must be affirmed with cost.

Absent, Judge Rowan.